**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

RONALD G. MAHON            )
                                    )
      Petitioner,             )
                                    )
      v.                      )      CAUSE NO.: 1:10-CV-205-TS
                                    )
THE WELLS CIRCUIT COURT, and     )
PATRICK MILLER,             )
                                    )
      Respondents.        )

## OPINION AND ORDER

This matter is before the Court on the Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction [DE 1], filed on June 25, 2010. The Motion, which takes the form of a habeas corpus petition, asks the Court to issue "an order of prohibition prohibiting respondents from reacquiring jurisdiction over Plaintiff's body and preventing them from conducting a new sentencing hearing on this cause." The Court will decline to do so.

## BACKGROUND

The Petitioner advises the Court that he entered into a plea agreement with the State of Indiana on November 27, 2007, with respect to his guilty plea on a charge of operating a motor vehicle while intoxicated. He claims that sentencing in the matter was twice postponed due to the sentencing judge's illness, and that he was not sentenced until September 25, 2009, when he was sentenced to two years' imprisonment. The Petitioner advises that on April 26, 2010, the Indiana Court of Appeals remanded the cause to the trial court with instructions to conduct a new sentencing hearing. On June 24, 2010, the Plaintiff was mistakenly released from the Indiana Department of Corrections following the completion of the original imposed sentence.

**ANALYSIS**

Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*. *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted). Until the Petitioner has exhausted his State court remedies, 28 U.S.C. § 2254(b)(1)(A) does not permit him to obtain any relief in this court. Therefore this case must be dismissed.

Therefore, the Court DISMISSES the *habeas corpus* Petition [DE 1]. All relief sought therein is DENIED.

SO ORDERED on June 25, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION